UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STEELWORKERS OF AMERICA, LOCAL UNION 9426 and TINA BEARD, TINA LOWE, and ANTHONY BROOKS, | ) ) ) ) ) | |
| *Plaintiffs* | ) ) | Case No. 3:12-0120 Judge Nixon |
| v. | ) ) | Magistrate Judge Brown |
| METROPOLITAN GOVERNMENT OF NASHVILLE, DAVIDSON COUNTY, TENNESSEE and METROPOLITAN BOARD OF PUBLIC EDUCATION, and JESSE REGISTER, in his official capacity as Director. | ) ) ) ) ) ) ) | |
| *Defendants*. | ) | |

**PARTIES' JOINT STATEMENT OF UNDISPUTED FACTS**

Plaintiffs, U.S. Steelworkers Local Union 9426, Tina Beard, Tina Lowe, and Anthony Brooks (hereinafer, "Plaintiffs"); and Defendants, Metropolitan Government of Nashville and Davidson County, Metropolitan Board of Education, and Director Jesse Register (hereinafter "Defendants"), hereby submit the following Proposed Joint Statement of Undisputed Material Facts.

Pursuant to the Proposed Joint Motion to Suspend Discovery Deadlines (Doc. No. 24), Plaintiffs and Defendants believe that the issue of liability in this case can be decided on the pleadings and existing discovery, and submit this Joint Statement of Undisputed Facts to facilitate the summary judgment process. The Parties anticipate filing cross motions for summary judgment by September 28, 2012, in accordance with the Court's Scheduling Order.

1

1.  Plaintiffs Beard, Lowe, and Brooks were all employed by Defendant School Board as school bus drivers until June 30, 2011.

2.  Plaintiff Lowe was first hired by Metro Nashville Public Schools ("MNPS") in August of 1997. Plaintiff Beard was first hired by MNPS in August of 1999. Plaintiff Brooks was first hired by MNPS in November of 2003.

3.  As school bus drivers, Plaintiffs Beard, Lowe, and Brooks were classified as "support staff" during all periods relevant to this litigation.

4.  At no point during their employment did Plaintiffs Beard, Lowe, or Brooks have individual, written employment contracts with Defendant Metro Board of Education, or with any of the other Defendants.

5.  MNPS provided every support staff employee, including Plaintiffs Beard, Lowe, and Brooks, with a copy of the "Support Staff Handbook" (hereinafter "Handbook" or "2008 Handbook"), which set forth MNPS employment policies with respect to, but not limited to, employee categories, employment status, working hours, employee discipline, and grievance procedures. (A true and correct copy of the Handbook was filed with Plaintiff's Complaint as Doc. No. 1.2).

6.  At all periods relevant to this litigation, the 2008 Support Staff Handbook was the operative version of that document.

7.  Chapter II, Section A(2) of the 2008 Handbook defines a regular employee as "an employee working full time or part time employee who was appointed under these regulations and who has satisfactorily completed the initial employment period."

8. Plaintiffs Beard, Lowe, and Brooks had all completed their respective "initial employment periods" and were classified by Defendants as regular employees at the time Defendant Register non-renewed their employment in June, 2011.

9. Chapter III, Section E of the 2008 Handbook states that "[a]n employee successfully completing the initial period of employment shall be automatically reappointed by the District each year unless terminated for cause or subjected to a reduction in force as provided for in these rules."

10. On June 10, 2011, letters were sent to Plaintiffs Beard, Lowe, and Brooks, notifying them that Defendant Register had decided not to renew their employment for the upcoming school year, pursuant to Tenn. Code Ann. § 49-2-301(FF), and informing them that their last day of employment would be June 30, 2011. (A true and correct copy of these letters was filed with Plaintiffs' Complaint as Doc. No. 1.3).

11. In response to the June 10, 2011 letters sent to Beard, Lowe, and Brooks, Mary Eady, then President of USW Local 9426, submitted grievances on behalf of each of the three individual Plaintiffs. (A true and correct copy of these letters was filed with Plaintiffs' Complaint as Doc. No. 1.4).

12. Defendants responded by asserting that the matter was non-grievable, as Defendant Register had discretion under Tennessee law to non-renew their respective one year contracts. (A true and correct copy of the aforementioned communication is attached- to Plaintiffs' Complaint, Doc. No. 1.5).

13. There is no language in the 2008 Support Staff Handbook specifically affirming or disclaiming Defendants' intent to be bound by the Handbook.

3

14. In 2008, Acting Director of MNPS Chris Henson entered into a Memorandum of Understanding ("MOU") with Plaintiff United Steelworkers of America, Local Union 9426. By its terms this MOU was effective for the period of July 1, 2008 through June 30, 2011. (A true and correct copy of the MOU was filed with Plaintiffs' Complaint as Doc. No. 1.1).

15. During the time period Plaintiffs Beard, Lowe, and Brooks were employed as school bus drivers, the Union created a Support Employee Grievance Form for support staff, including school bus drivers. MNPS approved use of the form for submission of grievances. This form contained the instructions: "The Grievance Procedure is outlined in the Handbook for Support Personnel. All Procedures and time limitations contained herein must be strictly followed."

16. During the period Plaintiffs Beard, Lowe, and Brooks were employed as school bus drivers, Defendants followed the Support Staff Handbook in disciplining bus drivers. As part of this process, Defendants provided written notice of departmental hearing results to the driver at issue, and specifically informed the driver, in writing, that "[y]ou have a right to appeal this decision and the procedures for appeal are outlined in the Support Staff Handbook," or words to that effect.

17. Plaintiffs Beard, Lowe, and Brooks had no personal role in negotiating the terms of the Support Staff Handbook or MOU.

Dated: September 18, 2012

Respectfully Submitted:

/s/ George E. Barrett
**GEORGE E. BARRETT, #2672**
**DAVID W. GARRISON, #24968**

4

BARRETT JOHNSTON LLC
217 Second Avenue North
Nashville, TN 37201
gbarrett@barrettjohnston.com
dgarrison@barrettjohnston.com
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

*Attorneys for Plaintiffs*


THE DEPARTMENT OF LAW OF
THE METROPOLITAN
GOVERNMENT OFNASHVILLE
AND DAVIDSON COUNTY
SAUL SOLOMON (#11689)
DIRECTOR OF LAW

/s/ Keli J. Oliver (w/ permission)
Keli J. Oliver (#21023)
Lora Barkenbus Fox (#17243)
Jeff Campbell (# 22455)
Assistant Metropolitan Attorneys
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
keli.oliver@nashville.gov
lora.fox@nashville.gov
jeff.campbell2@nashville.gov

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2012 a copy of the foregoing *Parties' Joint Statement of Undisputed Facts* was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to the counsel of record listed below.


Keli J. Oliver
Lora Barkenbus Fox
Paul J. Campbell , II
METROPOLITAN LEGAL DEPARTMENT
P O Box 196300
Nashville, TN 37219
(615) 862-6341
keli.oliver@nashville.gov
lora.fox@nashville.gov
jeff.campbell2@nashville.gov

*Attorneys for Defendants*


        /s/ George E. Barrett
        GEORGE E. BARRETT
        BARRETT JOHNSTON, LLC