UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STEELWORKERS OF AMERICA, LOCAL UNION 9426 and TINA BEARD, TINA LOWE, and ANTHONY BROOKS, | ) ) ) ) ) | |
| *Plaintiffs* | ) ) | Case No. 3:12-0120 Judge Nixon |
| v. | ) ) | Magistrate Judge Brown |
| METROPOLITAN GOVERNMENT OF NASHVILLE, DAVIDSON COUNTY, TENNESSEE and METROPOLITAN BOARD OF PUBLIC EDUCATION, and JESSE REGISTER, in his official capacity as Director. | ) ) ) ) ) ) ) ) | |
| *Defendants*. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
ADDITIONAL STATEMENT OF UNDISPUTED FACTS**

Pursuant to Local Rule 56.01(c), Plaintiffs submit the following responses to Defendants' Additional Statement of Undisputed Facts. (Doc. No. 29).

1. Plaintiffs were non-renewed pursuant to Tennessee Code Ann. § 49-2-301(b)(1)(FF). *See* Declaration of Fred Carr ("Carr Dec.") at ¶ 3, filed contemporaneously herewith; *see also* Exhibit C to Complaint, Doc. No. 1-3.

**RESPONSE:** Plaintiffs do not dispute that Defendants characterized Defendants' termination of Plaintiffs' employment as non-renewal pursuant to Tennessee Code Ann. § 49-2-301(b)(1)(FF). To the extent that Defendants assert or suggest that such non-renewal was lawful under the circumstances, Plaintiffs dispute that contention. *See* 2008 Support Staff Handbook ("Handbook"), Doc. No. 1-2, Ch. III § E ("An employee successfully completing the initial period of employment ***shall be automatically reappointed*** by the District each year unless terminated for just cause or subjected to a reduction in force as provided for in these rules.") (emphasis supplied).

2. The Memorandum of Understanding ("MOU") and Support Staff Handbook ("Handbook") at issue in this case "cover the same information" and are to be "read

1

together." See Discovery Responses of Union Representatives Mary Eady and Jim Buckley, Plaintiff Anthony Brooks, and Plaintiff Tina Beard, attached hereto as Collective Exhibit A, at Interrogatory No. 2.

**RESPONSE:** For purposes of summary judgment only, Plaintiffs do not dispute that the MOU and Handbook are to be "read together," to the extent that the two documents refer to and contemplate the existence of one another. Plaintiffs do, however, dispute Defendants' contention that the two documents "cover the same information," on grounds that this contention is unduly vague. Plaintiffs do not dispute that there is substantive overlap between the two documents, such that they do, to a certain degree, cover the "same information." However, there are considerable amounts of information included in the Handbook that are not included in the MOU, and vice versa. Most relevantly, for the current dispute, the automatic reappointment provision in the Handbook (Doc. No. 1-2, Ch. III § E) does not appear and is not specifically referenced at any point in the MOU.

3. Neither the MOU nor the Handbook at issue in this case was drafted or promulgated by the Metro Nashville Public School Board (the "Board"). Declaration of Dr. June Keel ("Keel Dec.") at ¶ 4, filed contemporaneously herewith.

**RESPONSE:** Plaintiffs do not dispute that neither the MOU nor the Handbook at issue in this case was drafted by the Board. Plaintiffs do dispute Defendants' claim that neither the MOU nor Handbook was promulgated by the Board, as such a contention rests upon a disputed issue of law. Plaintiffs have asserted, and continue to assert, that the Director of Schools acts on behalf of the Board, with the power to bind the Board. (Doc. No. 34 at 16-17). Defendants have conceded that Acting Director Chris Henson was responsible for negotiating with the union, and entered into an MOU with Plaintiff United Steelworkers of America, Local 9426 in 2008. (Joint Statement of Undisputed Facts, Doc. No. 26 ¶ 14). Director Henson was acting on behalf of the Board, and any MOU or Handbook promulgated by him was also, by extension, promulgated by the Board.

4. Neither the MOU nor the Handbook at issue in this case was approved by vote at any meeting of the Board. Keel Dec. at ¶ 5.

**RESPONSE:** Plaintiffs do not dispute this contention.

5. A new Support Staff Handbook, which superseded the Handbook at issue in this case was promulgated on October 17, 2011. Carr Dec. at ¶ 5.

**RESPONSE:** Plaintiffs do not dispute this contention.

6. There is currently no MOU in place between USW Local 9426 ("Union") and MNPS.

2

**RESPONSE:** Plaintiffs do not dispute this contention.

7. Plaintiffs were paid their salaries as bus drivers through June 30, 2011. Carr Dec. at ¶ 7.

**RESPONSE:** Plaintiffs do not dispute this contention.

Dated: October 26, 2012

Respectfully Submitted:

/s/ George E. Barrett
**GEORGE E. BARRETT, #2672**
**DAVID W. GARRISON, #24968**
BARRETT JOHNSTON LLC
217 Second Avenue North
Nashville, TN 37201
gbarrett@barrettjohnston.com
dgarrison@barrettjohnston.com
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on October 26, 2012 a copy of the foregoing *Plaintiffs' Response to Defendants' Additional Statement of Undisputed Fact* was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to the counsel of record listed below.

Keli J. Oliver
Lora Barkenbus Fox
Paul J. Campbell, II
METROPOLITAN LEGAL DEPARTMENT
P O Box 196300
Nashville, TN 37219
(615) 862-6341
keli.oliver@nashville.gov
lora.fox@nashville.gov
jeff.campbell2@nashville.gov

*Attorneys for Defendants*

                                                /s/ George E. Barrett
                                                GEORGE E. BARRETT
                                                BARRETT JOHNSTON, LLC

4

Case 3:12-cv-00120   Document 38   Filed 10/26/12   Page 4 of 4 PageID #: 707