IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


UNITED STEELWORKERS OF AMERICA,      )
LOCAL UNION 9426; TINA BEARD; TINA   )
LOWE and ANTHONY BROOKS              )
                                     )
v.                                   )      NO. 3:12-0120
                                     )
METROPOLITAN GOVERNMENT OF           )
NASHVILLE, DAVIDSON COUNTY,          )
TENNESSEE                            )


**O R D E R**

On June 18, 2013, Magistrate Judge Brown referred this case to the undersigned to conduct

a settlement conference.  Docket Entry No. 44.  The parties have agreed to the date of Tuesday,

August 13, 2013.   A pre-settlement telephone conference is scheduled for 12:00 noon, Friday,

August 9, 2013.  The parties shall adhere to the following procedure for submitting their settlement

conference statements.

•       If they have not already done so, the plaintiffs shall promptly forward a settlement demand
        to the defendant, to which the defendant shall promptly respond.  The parties shall thereafter
        engage in any appropriate settlement discussions.

•       By *3:00 p.m. on Thursday, August 8, 2013*, plaintiffs and defendant shall deliver[1]
        *under seal*, directly to Ms. Jeanne Cox, Courtroom Deputy to the undersigned, or Mr. Steve
        Wilson or Mr. Chris Call, law clerks to the undersigned, ex parte, separate settlement
        conference statements which shall specify their respective settlement positions.

•       Counsel for plaintiffs shall initiate a conference call with the Court and the other counsel in
        this case at *12:00 noon, Friday, August 9, 2013*, to discuss any matters that the Court
        and/or the parties may have with regard to the conduct of the settlement conference.  Each

---

[1]  In the alternative, the parties may fax their settlement conference statements to the Court
at 615/736-7070.  If faxed, the undersigned does not need a hand delivered copy of the statement.

attorney that plans to participate in the conference call should provide their name and contact information to the attorney that is directed to initiate the call.

- Each settlement conference statement is to be furnished only to the Court and not to the other side. The statement(s) shall not be filed with the Clerk of Court, which includes electronic filing, or left in the night depository.

- Each statement shall contain a summary of the facts in the case and the parties' respective views of the law as to the theory of liability or defense.

- In their respective statements, counsel for plaintiffs and defendant shall make a candid assessment of the strengths and weaknesses of both sides of the case and shall give a good faith opinion (expressed as a percentage) of each client's probable success on the merits.

- Plaintiffs' statement shall contain an assessment from plaintiffs' viewpoint of their damages and the strengths and weaknesses of their position.

- Defendant's statement shall contain an assessment of the plaintiffs' damages, defendant's exposure to those damages, and the respective strengths and weaknesses of defendant's position.

- Nothing in the way of a jury speech shall be contained in the settlement conference statements.

- Each statement shall contain an assessment of the economic cost of proceeding to trial.

- Each settlement conference statement also shall contain a statement of counsel's best judgment as to the amount which should be paid or received by his or her client in a settlement of the case based on counsel's written evaluation and opinion and after a full discussion of the opinion with the client.

- Each statement shall include the maximum amount the defendant is willing to pay and the minimum amount the plaintiffs are willing to accept, and any other terms on which the client insists.[2]

- Each statement shall recount, with specificity, the settlement discussions between the parties to date.

---

[2] Essentially, the parties shall provide their "bottom line." However, the parties should be prepared to negotiate further from these figures and terms during the course of the settlement conference.

• A settlement conference in this action shall be held on **_Tuesday, August 13, 2013, at 9:00 a.m._**,[3] in Courtroom No. 764, U.S. Courthouse, 801 Broadway, Nashville.

• The plaintiffs and a representative of the defendant shall be present with **FULL SETTLEMENT AUTHORITY**. The parties are advised that unless otherwise specifically ordered, failure to be present with full settlement authority could result in imposition of sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure. For the purposes of this case, full settlement authority of the defendant is deemed to be up to the last demand made by the plaintiffs. Full settlement authority also means that the plaintiffs and the representative of the defendant present at the settlement conference do not need authority from any other individual to enter into any settlement agreement. The plaintiffs and the representative of the defendant present at the settlement conference shall have total independent authority to enter into **any** settlement agreement. However, the Court recognizes that, depending upon the particular settlement, it may have to be approved by the Metro Council. This issue will be addressed during the August 9, 2013, conference call.

• Counsel for each party shall be prepared to present a **brief** opening statement (5 to 10 minutes) in the courtroom at the beginning of the settlement conference.

It is so ORDERED.

_Juliet Griffin_

JULIET GRIFFIN
United States Magistrate Judge

---

[3] The parties are advised that they should not schedule anything else on this date and to be prepared to spend the entire day in this settlement conference, if necessary.